## HOPKINS et al. v. HARRIS.

No. 9690—Opinion Filed April 13, 1920.

(Syllabus by the Court.)

**Mortgages—Foreclosure Sale—Disposition of Proceeds—Action by Judgment Debtor.**
Record examined and held, that, in the circumstances stated in the opinion, there was no such privity disclosed between the movants and the plaintiff as entitled them to the relief prayed for.

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by J. L. Hopkins and another against W. W. Harris. Judgment for defendant, and plaintiffs bring error. Affirmed.

F. A. Rittenhouse and Thos. G. Andrews, for plaintiffs in error.

Baldwin & Snider, for defendant in error.

KANE, J. Although this proceeding was somewhat unusual, it was, in effect, an action for the recovery of money, commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below. It seems that the main action was upon a promissory note and to foreclose a second mortgage upon certain real estate, the defendant in error being plaintiff and plaintiffs in error being defendants. Upon the plaintiff recovering judgment and a decree foreclosing his mortgage as prayed for, there was an order of sale issued, under which the land was sold to the plaintiff, he being the highest and best bidder, which sale was afterwards confirmed by the court.

In relation to the nature of their present claim, counsel for plaintiffs in error say in their brief that:

"We are not attacking the sale, we are only attacking the disposition of the proceeds of the sale, or rather the appropriation of our surplus after the sale."

The return of the sheriff to the order of sale contains the following recital:

"Sold said lands and tenements to W. W. Harris, for the sum of $1,400, subject, however, to said mortgages, aggregating the sum of $850; that is to say, I sold the equity in said lands to said W. W. Harris for the sum of $550, he being the highest and best bidder therefor."

If we understand counsel for plaintiffs in error correctly they concede the regularity of the order of sale and that the foregoing return recites correctly the action of the sheriff thereunder, but they contend that their client did not receive the full amount he was entitled to from the proceeds of this sale. It does not seem to us that this is a matter which concerns the purchaser of the land at the judicial sale. The return recites that the sheriff sold the equity of the defendants in the lands to the defendant W. W. Harris for the sum of $550, he being the highest and best bidder. Although Harris and the movants herein were plaintiff and defendants, respectively, in the original action, there was no privity between them arising out of the judicial sale. Harris purchased the land from the sheriff, to whom he was required to pay the amount of his bid. The sheriff, in turn, was required to either pay the money into court or distribute it to the persons entitled thereto pursuant to the order of sale. If any part of the proceeds of the sale was due the judgment debtor, it was the duty of the sheriff to turn it over to him or to the clerk of the court, and distribution thereof may be compelled by amercement if those officers refuse to properly dispose of the funds.

In these circumstances, we think the trial court was right in rendering judgment in favor of the defendant upon the pleadings.

Affirmed.

OWEN, C. J., RAINEY, V. C. J., and PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.